**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Tech Spray, L.P., et al., | ) |
| Plaintiffs, | ) No. CV-07-0211-PHX-PGR |
| vs. | ) |
| | ) <u>ORDER</u> |
| Grant Russell, et ux., | ) |
| Defendants. | ) |

In a complaint filed on January 30, 2007, the plaintiffs allege that the Court has subject matter jurisdiction over this action solely pursuant to 28 U.S.C. § 1332. Having reviewed the complaint, the Court finds that the jurisdictional allegations therein are insufficient as a matter of law to establish the existence of diversity of citizenship jurisdiction. The Court will therefore require the plaintiffs to file an amended complaint. *See* 28 U.S.C. § 1653.

The complaint does not properly allege the citizenship of either plaintiff. First, the complaint alleges that plaintiff Tech Spray L.P. is a Texas limited partnership with its principal place of business in Amarillo, Texas. This allegation is insufficient because to properly plead diversity jurisdiction when a partnership

- 1 -

is a named party, the complaint must affirmatively allege the citizenship of all partners, both general and limited, since a partnership is not a "citizen" for purposes of § 1332.[1] Carden v. Arkoma Associates, 494 U.S. 185, 110 S.Ct. 1015 (1990).

Second, the complaint alleges that co-plaintiff ITW Tech Spray L.L.C. is a Delaware corporation with its principal business office in Glenview, Illinois. This allegation is insufficient because a limited liability company is not treated as a corporation for purposes of determining whether diversity exists under § 1332. Johnson v. Columbia Properties Anchorage, LP, 437 F.3d 894, 899 (9th Cir. 2006) ("Notwithstanding LLCs' corporate traits, ... every circuit that has addressed the question treats them like partnerships for the purposes of diversity jurisdiction. ... We therefore join our sister circuits and hold that, like a partnership, an LLC is a citizen of every state of which its owners/members are citizens.")

In order to cure these pleading deficiencies, the Court will require the plaintiffs to file an amended complaint that affirmatively identifies each partner of Tech Spray, L.P. and each member of ITW Tech Spray, L.L.C., and affirmatively states the citizenship of each partner and member. The plaintiffs are advised that their failure to timely comply with this order shall result in the dismissal of this action without further notice for lack of subject matter jurisdiction. Therefore,

IT IS ORDERED that the plaintiffs shall file an amended complaint properly

---

[1] While the complaint also alleges that co-plaintiff ITW Tech Spray L.L.C. "owns all of the partnership interest in Tech Spray L.P.", that allegation needs to be further explained for purposes of diversity jurisdiction since the Court notes that under Texas law a limited partnership must have at least two partners.

- 2 -

1 | alleging a jurisdictional basis for this action no later than **February 23, 2007**.
2 | DATED this 5th day of February, 2007.

Paul G. Rosenblatt
United States District Judge